IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICENTE ROMERO-OMANO,

    Plaintiff,

v.

MS. LYNN DICKISON (DEFENSE)
ATTORNEY FOR PLAINTIFF; and
HON. JUDGE ALBRECHT,

    Defendants.

Case No. 3:21-cv-00134-JR

ORDER TO DISMISS

IMMERGUT, J.

    Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## BACKGROUND

Plaintiff alleges defendant Lynne Dickison, an attorney representing plaintiff in a criminal proceeding, violated plaintiff's rights by failing to provide discovery to plaintiff and otherwise failed to adequately represent plaintiff in that proceeding. Plaintiff alleges defendant Judge Albrecht demonstrated bias and prejudice in denying plaintiff's request for new counsel. By way of remedy, plaintiff seeks injunctive relief requiring the appointment of substitute counsel as well as money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding § 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

To the extent plaintiff seeks to challenge the adequacy of court-appointed counsel in his pending state criminal proceedings, this Court abstains from exercising jurisdiction because (1) resolution of the claim would have the practical effect of enjoining his ongoing criminal proceedings; and (2) the state proceedings implicate important state interests and provide plaintiff an adequate opportunity to challenge the adequacy of counsel. See Herrera v. City of Palmdale, 918 F.3d 1037, 1044 (9th Cir. 2019) (holding that absent extraordinary circumstances abstention is required if: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; (3) the state proceeding provides an adequate opportunity to raise federal questions; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so); Smith v. Cty. of Santa Clara, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that a

pretrial detainee must raise his ineffective assistance of counsel claim in his ongoing criminal proceeding).

Extraordinary circumstances warranting federal intervention exist only "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)); Equity Lifestyle Props., Inc. v. Cty. of San Luis Obispo, 548 F.3d 1184, 1196 (9th Cir. 2008). Plaintiff failed to allege facts to support a conclusion that extraordinary circumstances warrant federal intervention in his pending state prosecutions.

In the alternative, plaintiff has failed to state a claim against defendant Dickison due to the absence of any facts to support a reasonable inference that she acted under color of state law. As noted, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendants, acting under "color of state law," deprived him of a right secured by the U.S. Constitution or federal law. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A public defender "performing a lawyer's traditional functions" does not act under color of state law. Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). Accordingly, plaintiff does not allege a claim for damages under § 1983 against defendant Dickison upon which relief may be granted.

Finally, judges are absolutely immune from liability for damages, declaratory relief, and generally for injunctive relief sought as a result of judicial acts performed in their judicial capacity. Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superseded by statute on other grounds); Mullis v. U.S. Bankr. Court for Dist. of Nev., 828 F.2d 1385, 1388 (9th Cir. 1987); see also Craig v. Villicana, 676 F. App'x 716 (9th Cir. 2017). To qualify for judicial immunity, a

judge must have performed "judicial acts" within the scope of his or her jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." <u>McGuire v. Clackamas Cty. Counsel</u>, Case No. 08-CV-1098-AC, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (citing <u>Stump</u>, 435 U.S. at 362). Judges "enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." <u>Tanner v. Heise</u>, 879 F.2d 572, 576 (9th Cir. 1989). Plaintiff's claim against Judge Albrecht involves conduct executed within the Judge's judicial capacity. Accordingly, Judge Albrecht is immune from suit.

## **CONCLUSION**

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding. Because plaintiff has not established extraordinary circumstances, the Court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 3).

IT IS SO ORDERED.

DATED this  5th  day of May 2021.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge